# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 1435 | **DATE** | 12/16/2004 |
| **CASE TITLE** | Clarence Haynes vs. Autozone, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Enter Memorandum, Opinion, and Order. Defendant's motion for summary judgment is granted. Status hearing set for 1/13/05 is stricken. Any other pending dates are stricken. Any pending motions are denied as moot.**

(11) ■ [For further detail see order attached to the original minute order.]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CLARENCE HAYNES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 04 C 1435 |
| v. ) | |
| ) | |
| AUTOZONE, INC., ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION AND ORDER**

AMY J. ST. EVE, District Court Judge:

Pro se Plaintiff Clarence Haynes ("Haynes") brings this action against Defendant AutoZone, Inc. ("AutoZone"). Construing his *pro se* complaint liberally, *see Calhoun v. DeTella*, 319 F.3d 936, 943 (7th Cir. 2003), Haynes alleges race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. Before the Court is AutoZone's Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(c). For the following reasons, the Court grants AutoZone's motion.

### I. UNDISPUTED FACTS

Because Haynes is a pro se litigant, AutoZone served him with a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment" as required by Northern District of Illinois, Local Rule 56.2. The notice explains the consequences of failing to properly respond to a motion for summary judgment and statement of material facts under Federal Rule of Civil Procedure 56(e) and Local Rule 56.1. Nevertheless, Haynes failed to respond to AutoZone's Local Rule 56.1 Statement of Facts, and thus AutoZone's facts are deemed admitted. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003).

In September 1998, AutoZone hired Haynes as a program participant and shortly thereafter promoted him to Assistant Store Manager at the Gary, Indiana, store. (R.18 -1, Def.'s Local Rule 56.1 Statement, ¶¶ 1, 2.) On January 7, 2001, AutoZone transferred Haynes to a store in Hammond, Indiana. (*Id.* at ¶ 10.) The transfer to the Hammond store was a lateral transfer because Haynes continued in his position as an Assistant Store Manager. (*Id.* at ¶ 11.) Haynes had requested the transfer so that he could work closer to his home. (*Id.*) In October 2001, Store Manager, Tony More, evaluated Haynes' performance as 2.9, placing him in the "Needs Improvement" category. (*Id.* at ¶ 12.) At that time, AutoZone gave Haynes a 3 percent pay raise. (*Id.* at ¶ 13.) Haynes was disappointed with his pay raise and brought a complaint to the Regional Human Resources Manager, Willie Bush. (*Id.* at ¶¶ 13, 14.) Bush addressed the complaint. (*Id.* at ¶ 14.)

In February 2002, AutoZone transferred Haynes to the Calumet City, Illinois, store which was closer to his home and reduced his commute. (*Id.* at ¶ 15.) On August 8, 2002, Haynes' Store Manager, Joe Ramirez, gave Haynes a Correction Action Review ("CAR") in the "serious violation" category for failing to unload a merchandise truck in a timely manner and for improperly completing AutoZone paperwork. (*Id.* at ¶¶ 19, 20.) On October 15, 2002, Ramirez gave Haynes a "first written warning" CAR for failing to recover the store, that is, to ensure that the store was cleaned, the merchandise front-faced, and the paperwork completed at the end of the day. (*Id.* at ¶ 22.) On October 25, 2005, Ramirez issued a "second written warning" CAR for Haynes' failure to recover the store and for his job performance. (*Id.* at ¶ 23.) The following month, Ramirez issued another "serious violation" CAR to Haynes based on his job performance on November 1, 2002, and again on November 18, 2002, due to Haynes' job performance and

2

violation of a company policy. (*Id.* at ¶¶ 24, 25.) In his deposition, Haynes admitted that the two "serious violation" CARs that Ramirez issued in November 2002 constituted the last step before termination. (Def.'s Memorandum in Support of Motion for Summary Judgment, Ex. A, at 66.) Haynes also admitted that he knew his job was in jeopardy. (*Id.*)

In mid-November 2002, two AutoZone managers believed that an employee, Randy Larry, was stealing from the company. (Def.'s Stmt. ¶¶ 29, 30.) Haynes suspected that Larry was stealing, as well. (*Id.* at ¶ 31.) AutoZone's Regional Loss Prevention Manager was investigating the theft charges which were to be kept confidential. (*Id.* at ¶¶ 33-35.) During the investigation, Haynes told Larry to "watch himself" and thus tipped Larry off to the investigation. (*Id.* at ¶ 35.) Larry quit his job at AutoZone before the investigators could interview him to determine whether he had taken anything from AutoZone. (*Id.* at ¶ 36.) Haynes admitted that he knew of the theft and that he warned Larry to watch himself. (*Id.* at ¶ 37.) Haynes also admitted that he violated AutoZone's policy on theft investigations. (*Id.* at ¶¶ 42, 43.) Based on Haynes' admissions about his interference with the Loss Prevention investigation, AutoZone's Regional Manager, Ed Lewis, and Regional Human Resources Manager, Willie Bush, decided to terminate Haynes. (*Id.* at ¶ 44.)

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Even where all of the material facts are undisputed, as in this case,

3

the Court must still determine whether judgment is proper as a matter of law. *See Johnson v. Gudmundsson,* 35 F.3d 1104, 1112 (7th Cir. 1994).

## III. ANALYSIS

Haynes alleges that he was discharged from his employment at AutoZone based on his race. Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).

A plaintiff alleging race discrimination may proceed along one of two routes in proving his case – the direct method of proof or the indirect, burden-shifting method of proof. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Because Haynes has not come forward with any direct proof of race discrimination, the Court turns to the *McDonnell Douglas* burden-shifting method to determine whether AutoZone intentionally discriminated against Haynes based on his race. To establish a prima facie case of race discrimination, Haynes must show that 1) he is a member of a protected class, (2) he was meeting his employer's legitimate expectations, (3) he suffered an adverse employment action, and (4) his employer treated similarly-situated employees outside his protected class more favorably than he. *McDonnell Douglas Corp.,* 411 U.S. at 802; *Davis v. Con-Way Transp. Cent. Express, Inc.,* 368 F.3d 776, 784 (7th Cir. 2004).

AutoZone concedes that Haynes is a member of a protected class and that he suffered an adverse employment action. Therefore, the Court must determine whether Haynes performed his job satisfactorily and that other assistant managers who were non-black were treated more

4

favorably than he was under the circumstances.

First, the record is replete with evidence that Haynes did not meet AutoZone's legitimate expectations as to his job performance. For example, Haynes' Store Manager, Joe Ramirez, repeatedly issued CARs based on Haynes' job performance, his failure to fulfill his responsibilities as an Assistant Store Manager, and his violations of AutoZone policy. Haynes even admits that the two "serious violation" CARs constituted the last step before termination and that he knew his job was in jeopardy. In addition, AutoZone's Regional Manager and Regional Human Resources Manager decided to terminate Haynes' employment due to his admission that he violated AutoZone's policy on theft investigations. In sum, Haynes has not established this element of a prima facie case of race discrimination.

Second, Haynes has not come forward with any evidence that a similarly situated non-black employee was treated more favorably than he was under the circumstances. Specifically, Haynes has not provided any evidence that a non-black comparator (1) held the same or similar job, (2) was subject to the same standards, (3) was supervised by the same person, and (4) had comparable experience, education, and other qualifications. *See Ajayi v. Aramark Bus. Serv., Inc.*, 336 F.3d 520, 532 (7th Cir. 2003). Even though Haynes is a pro se litigant, the Court is not required to scour the record for evidence that is relevant to this motion and make Haynes' arguments for him. *See Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 898 (7th Cir. 2003); *Doherty v. City of Chicago*, 75 F.3d 318, 324 (7th Cir. 1996). As such, Haynes has also failed to establish this prima facie element of a race discrimination claim.

Because Haynes has failed in his burden of establishing a prima face case of race discrimination, the Court need not decide whether AutoZone offered a permissible, noninvidious

reason for the alleged race discrimination and whether AutoZone's proffered reason was mere pretext for discrimination. *See Davis,* 368 F.3d at 784. Accordingly, judgment as a matter of law is appropriate, and thus the Court grants AutoZone's motion for summary judgment.

## IV. CONCLUSION

For these reasons, the Court grants Defendants' Motion for Summary Judgment.

Dated: December 16, 2004

                        **ENTERED**

                        *[signature]*

                        **AMY J. ST. EVE**
                        **United States District Court Judge**